1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL INGRAM EL,                        No.  2:19-cv-00193-JAM-CKD (PS)

12                    Plaintiff,

13             v.                               ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    WELLS FARGO BANK, N.A., et al.,

15                    Defendants.

16

17          Presently pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo")

18    motion to dismiss.  (ECF No. 5.)  Plaintiff filed an opposition and Wells Fargo replied.  (ECF

19    Nos. 10, 13.)  This matter came on for hearing before the undersigned on April 3, 2019 at 10:00

20    a.m.[1]  At the hearing, plaintiff Michael Ingram El appeared on his own behalf, and Le T. Duong

21    appeared on behalf of Wells Fargo.  Upon review of the documents in support and opposition,

22    upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS

23    AS FOLLOWS:

24    I.     BACKGROUND

25          Plaintiff Michael Ingram El, who proceeds without counsel, initiated this action on

26    January 31, 2019, and paid the filing fee.  (ECF No. 1.)  Plaintiff refers to himself as an

27    _____

28    [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
      § 636(b)(1).

                                                    1

"Aboriginal, Indigenous Moorish American National" and asserts that defendants Wells Fargo and Clear Recon Corp. "are attempting, by threat of force, to foreclose the property location **...** **Moorish Khalifa Territory, Coordinates - 38 degrees 30 minutes 23.79 seconds North, 121 degrees 25 minutes 55.62 seconds West. Northwest Amexem.** Known Corporately as . . . Postal Address 6684 Spoerriwood Court SACRAMENTO CALIFORNIA [95828]." (ECF No. 1 at 1-2 (emphasis in original).)

A.    Plaintiff's Allegations

The complaint is conclusory, rambling, and difficult to follow. It includes largely unexplained citations to various provisions of the Uniform Commercial Code and a Pooling and Servicing Agreement, which appears to pertain to plaintiff's mortgage loan. (See generally, ECF No. 1.) Additionally, plaintiff attached to the compliant a copy of the 1787 Treaty of Peace and Friendship between the United States of America and Morocco, as well as a copy of a document titled "The Moorish Zodiac Constitution." (Id. at 26-33, 89-93.)

Liberally construed, the gravamen of the complaint appears to be that Wells Fargo initiated improper foreclosure proceedings against plaintiff, relating to a mortgage loan he obtained for the property at 6684 Spoerriwood Court. (See generally, ECF No. 1.) Plaintiff indicates that this loan closed in May of 2005. (Id. at 21.) However, he fails to allege that he made all mortgage payments associated with the loan, or that he tendered the amount owed on the debt, prior to the foreclosure proceedings. The complaint lists five causes of action: (1) trespass; (2) trespass/claim in recoupment; (3) trespass/adverse claim; (4) trespass/breach of fiduciary duty; and (5) quiet title. (Id. at 2-22.) These claims appear to rest on a theory that Wells Fargo does not have the authority to foreclose on the loan because the loan was improperly sold and securitized.[2] (Id. at 4-5.)

On March 5, 2019, Wells Fargo filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that: (1) the complaint is insufficiently pled; (2) the

---

[2] Securitization of a mortgage loan is a process by which multiple loans are packaged and resold in a secondary market. See Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010)

claims are based on an incorrect premise; and (3) plaintiff has otherwise failed to state a claim. (ECF No. 5.) Plaintiff filed an opposition, but also directed the court to "Delete, Omit[,] Strike and Remove" his claims of "Trespass, Claim in Recoupment[,] Breach of fiduciary duty, and Quiet Title." (ECF No. 10 at 5.)

B.      Defendant's Request for Judicial Notice

Wells Fargo requests the court take judicial notice of several documents that relate to the mortgage loan at issue. (See ECF No. 6.) Of note, Wells Fargo provided copies of: the May 26, 2005 deed of trust for the property address at issue (id. at 5-19); a September 27, 2018 notice of default (id. at 30-33); a January 14, 2019 notice of trustee sale (id. at 35-36); and a February 7, 2019 notice of rescission of notice of default (id. at 38).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court takes judicial notice of these documents, which were recorded in Sacramento County and are matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record").

The May 26, 2005 deed of trust lists Michael D. Ingram as borrower and World Savings Bank, FSB and its successors as beneficiary. (ECF No. 6 at 5-6.) On September 27, 2018, Wells Fargo initiated foreclosure proceedings, indicating that Michael D. Ingram was almost $5,000.00 in arrears on the loan and that he had defaulted in May of 2018. (Id. at 30-33.) On January 14, 2019, Wells Fargo set a foreclosure sale for February 7, 2019. (Id. at 35-36.) Then, after plaintiff initiated this lawsuit, Wells Fargo rescinded the notice of default and ceased foreclosure proceedings. (Id. at 38.)

II.    LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard

3

1  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

2  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

3  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

4  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

5  is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

6  Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

7  factual content that allows the court to draw the reasonable inference that the defendant is liable

8  for the misconduct alleged."  Id.

9        In considering a motion to dismiss for failure to state a claim, the court accepts all of the

10  facts alleged in the complaint as true and construes them in the light most favorable to the

11  plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

12  however, required to accept as true conclusory allegations that are contradicted by documents

13  referred to in the complaint, and [the court does] not necessarily assume the truth of legal

14  conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

15  1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

16  prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

17  to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

18  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

19  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ("pro se pleadings are liberally construed, particularly

20  where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th

21  Cir. 2010) ("pro se complaints should continue to be liberally construed after Iqbal").

22        In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

23  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

24  matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

25  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

26  consider a memorandum in opposition to a defendant's motion to dismiss to determine the

27  propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

28  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

4

1    whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

2    2003).

3    III.    DISCUSSION

4          Because plaintiff has willingly withdrawn four of his claims (ECF No. 10 at 5), the only

5    claim that remains is his "adverse claim." (See ECF Nos. 1 at 11-16.)  Nonetheless, this claim

6    and the entire complaint are subject to dismissal.

7          A.      Federal Rule of Civil Procedure 8(a)(2)

8          As Wells Fargo points out, plaintiff's complaint is insufficiently pled.  (ECF No. 5 at 10-

9    11.)  Under Federal Rule of Civil Procedure 8(a)(2), a "plaintiff must plead a short and plain

10   statement of the elements of his or her claim, identifying the transaction or occurrence giving rise

11   to the claim and the elements of the prima facie case."  Bautista v. Los Angeles Cty., 216 F.3d

12   837, 840 (9th Cir. 2000).  A sufficiently pled claim will "give the defendant fair notice of what

13   the plaintiff's claim is and the grounds upon which it rests."  Yamaguchi v. U.S. Dep't of the Air

14   Force, 109 F.3d 1475, 1481 (9th Cir. 1997).

15         Here, the complaint is conclusory and lacks a plain statement as to the elements of any

16   claim.  Plaintiff fails to explain the circumstances surrounding the underlying foreclosure

17   proceedings, including what specific actions defendants took that infringed upon plaintiff's rights.

18   Importantly, plaintiff has not pled that he made all mortgage payments or otherwise tendered the

19   debt prior to Wells Fargo initiating foreclosure proceedings.[3]  What is more, Wells Fargo

20   rescinded the notice of default and ceased foreclosure proceedings after plaintiff commenced this

21   matter (ECF No. 6 at 38), making it even more unclear under which legal theory plaintiff

22   proceeds, and what harm plaintiff has actually suffered.

23         Specifically, as to plaintiff's "adverse claim," he asserts without explanation:

24                 Plaintiff has a proprietary, possessory and property interest in the
                   Note and the proceeds from the sale of the security under the
25                 investment contract and ha[s] a right to and is hereby exercising

26   _____

     [3] It remains unclear whether plaintiff has, in fact, tendered the debt.  At the hearing, counsel for
27   Wells Fargo asserted the debt was paid off after plaintiff filed the complaint in this matter.
     Plaintiff rejected the use of the term "paid off," and insisted that the debt has been "set off" or
28   "discharged."  However, he did not explain the significance of this distinction.

                                                  5

1
2
plaintiff's right to Rescind the Negotiation of the Transaction. Although plaintiff has often requested (see notice of default) Defendants still refuse to honor Plaintiff's right so Plaintiff brings this Action.

3

4
"**Adverse claim**" means a claim that a claimant has a property interest in a **Financial asset** and that it is a violation of the rights of the claimant for another person to hold, transfer, or deal with the financial asset.

5

6
(ECF No. 1 at 11 (emphasis in original).)

7
Even liberally construed, this does not state any cognizable claim. It appears that plaintiff

8
seeks to rescind the alleged securitization of his mortgage loan. However, as the mortgage

9
borrower, plaintiff lacks standing to challenge the securitization of his mortgage loan. See

10
Nationwide Ins. Co. of Am. v. Brown, 689 F. App'x 474, 475 (9th Cir. 2017) ("[t]o the extent

11
that [the borrower] challenges the validity of the purported securitization of her loan, she lacks

12
standing to raise such a challenge"); Lial v. Bank of Am. Corp., 633 F. App'x 406 (9th Cir. 2016)

13
(borrowers "lack standing to enforce the terms of any pooling and service agreement and

14
therefore cannot challenge any assignment into a securitized trust"); Bascos v. Fed. Home Loan

15
Mortg. Corp., No. CV 11-3968-JFW JCX, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011)

16
(borrower "has no standing to challenge the validity of the securitization of the loan as he is not

17
an investor of the loan trust").

18
Therefore, the complaint does not provide defendants with fair notice of plaintiff's claims,

19
and the complaint is subject to dismissal.

20
While defendant Clear Recon Corp. has not appeared in this matter, the complaint is

21
subject to dismissal as to both defendants because plaintiff has failed to state a cognizable claim

22
as to either defendant. "A District Court may properly on its own motion dismiss an action as to

23
defendants who have not moved to dismiss where such defendants are in a position similar to that

24
of moving defendants or where claims against such defendants are integrally related." Silverton

25
v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made

26
without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc.,

27
813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte

28
dismissal as to defendants who have not been served and defendants who have not yet answered

6

or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.

1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared,

on the basis of facts presented by other defendants which had appeared"); see also Bach v.

Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79

(S.D. Cal. 1998).

        B.     Leave to Amend

       Moreover, the court finds that further leave to amend would be futile.  See Cahill v.

Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) ("the district court did not abuse its

discretion in refusing to allow leave to amend" when the district court held "that granting leave to

amend in this case would have been futile").

             1.     *Wells Fargo's Status as Beneficiary*

       Even if given leave to amend, plaintiff could not state a viable claim, as his complaint is

based upon the incorrect premise that Wells Fargo does not have any legitimate interest in the

deed of trust at issue.  (See ECF No. 5 at 11-13.)

       The May 26, 2005 deed of trust lists World Savings Bank, FSB and its successors as

beneficiary.  (ECF No. 6 at 5-6.)  Plaintiff asserts that Wells Fargo has no authority to foreclose

on the property because "[t]he public record . . . shows [the] loan was [subsequently] sold

without recourse to 'WACHOVIA MORTGAGE LOAN TRUST, LLC.'"  (ECF No. 1 at 4.)

Even assuming that the loan was sold to Wachovia Mortgage Loan Trust, LLC, plaintiff's

allegations regarding Wells Fargo's lack of authority vis-à-vis the deed of trust are plainly

incorrect.

       Multiple courts have recognized that Wells Fargo is the successor-in-interest to both

World Savings Bank, FSB and Wachovia Mortgage Loan Trust, LLC.  See, e.g., Kang v. Wells

Fargo Bank, N.A., No. 16-cv-04309, 2018 WL 1586237, at *5 (N.D. Cal. Apr. 2, 2018) (citing

Malveaux v. Wells Fargo Bank, N.A., No. 17-CV-05004-CW, 2017 WL 6623029, at *4 (N.D.

Cal. Dec. 28, 2017));  Heard-Rodriguez v. World Sav. Bank FSB, No. SACV1200129CJCJPRX,

2012 WL 13019743, at *1 (C.D. Cal. June 5, 2012); cf. Warren v. Wells Fargo & Co., No.

316CV2872CABNLS, 2017 WL 4876212, at *5 (S.D. Cal. Oct. 27, 2017), appeal dismissed, No.

18-55030, 2018 WL 3392026 (9th Cir. Apr. 17, 2018).  Accordingly, Wells Fargo stands in the shoes of World Savings Bank, FSB and/or Wachovia Mortgage Loan Trust, LLC as the beneficiary of the May 26, 2005 deed of trust.

Moreover, even assuming that this loan has been securitized, as plaintiff asserts (see ECF No. 1 at 4-5), such a process does not change the rights of Wells Fargo as beneficiary. "[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note and does not change the relationship of the parties in any way." Reyes v. GMAC Mortg. LLC, No. 2:11-CV-100 JCM RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (internal citations omitted).  "[S]ecuritization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust."  Halajian v. Deutsche Bank Nat. Tr. Co., No. 1:12-CV-00814 AWI, 2013 WL 593671, at *7 (E.D. Cal. Feb. 14, 2013), aff'd sub nom. Halajian v. Deutsche Bank Nat'l Tr. Co., 688 F. App'x 500 (9th Cir. 2017); see Logvinov v. Wells Fargo Bank, No. C-11-04772 DMR, 2011 WL 6140995, at *3 (N.D. Cal. Dec. 9, 2011).

2. *Inability to Cure Deficiencies*

Additionally, plaintiff has demonstrated that he could not cure the deficiencies with the complaint, if granted leave to amend.  Plaintiff has failed to cogently oppose any of Wells Fargo's legal arguments and instead asserts that the motion to dismiss should be denied "because no controversy exist[s]."  (ECF No. 10 at 1.)  There is no indication that plaintiff actually opposes Wells Fargo's arguments, in a legally sufficient way.  In his reply, plaintiff inexplicably quotes from the United States' Treaty of Peace and Friendship with Morocco (id. at 2) and confusingly asserts that:

> Plaintiff is not a member or affiliated with any "sovereign citizen" group, organization, sect or club in any manner.

> Michael Ingram El and MICHAEL D. INGRAM are not the same person.

> Plaintiff is not a resident of California or a Citizen of the United States but Natural Person in full life Allegiance to the Moorish Nation / Moroccan Empire Judicial Notice and Proclamation has been placed in the record.

(ECF No. 10 at 3.)

8

1          Importantly, plaintiff has failed to adequately plead facts to demonstrate his foreign

2  citizenship; nor has he explained how such foreign citizenship would legally affect the

3  considerations at hand.  Plaintiff does not assert that he was born in, or immigrated to, another

4  country.  Rather, plaintiff submitted a document entitled "Judicial Notice and Proclamation" in

5  which he asserts that he has pledged national, political, and spiritual allegiance to the Moorish

6  Nation, which purportedly includes all of North, South, and Central America.  (See ECF No. 59-

7  64.)  However, unlike a birth certificate, passport, or other recognizable official document, this

8  proclamation does not establish plaintiff's foreign citizenship—even when granting plaintiff the

9  deference of liberal construction afforded pro se litigants.

10          Plaintiff's assertions demonstrate that any further leave to amend would be futile.  For

11  example, at the hearing, plaintiff continued to maintain that he is not Michael D. Ingram, but that

12  he is the natural person who obtained the loan in question.  This assertion is incoherent.  The loan

13  clearly lists Michael D. Ingram as borrower.  (ECF No. 6 at 5-6.)  Furthermore, notwithstanding

14  plaintiff's claims that he is not affiliated with any "sovereign citizen" group, he seems to assert—

15  without legal justification—that the laws of the United States apply differently to him as an

16  Aboriginal Indigenous Moorish American National.  Plaintiff's oblique references to a treaty with

17  Morocco from the eighteenth century in no way supports his claims.

18          Plaintiff's claims are conclusory and lack sufficient grounding in any proper legal

19  authority.  Nothing in plaintiff's reply or his representations before the court have indicated that

20  he is capable of stating a claim against defendants in this matter.  Thus, any further leave to

21  amend would be futile.

22  IV.    CONCLUSION

23          Accordingly, IT IS HEREBY RECOMMENDED that:

24      1.  Defendant's motion to dismiss (ECF No. 5) be GRANTED.

25      2.  The complaint be dismissed without leave to amend.

26      3.  The Clerk of Court be directed to close this case.

27          In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

28  discovery, and motion practice in this action are STAYED pending resolution of the findings and

recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 8, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14